STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GERALDINE COCHRANE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0395**  (BOR Appeal No.2048826)
(Claim No. 2012011467)

**PRINCETON COMMUNITY HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Geraldine Cochrane, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Princeton Community Hospital, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 26, 2014, in which the Board affirmed a September 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 5, 2012, decision granting Ms. Cochrane a 2% permanent partial disability award. The Office of Judges granted Ms. Cochrane a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Cochrane worked as a licensed practical nurse for Princeton Community Hospital. On September 8, 2011, she sustained an injury to her right shoulder when she was struck by a television that was suspended overhead and fell. The claim was held compensable. Ms. Cochrane applied for a permanent partial disability award. She underwent three independent medical

1

evaluations. All three physicians found Ms. Cochrane has reached maximum medical improvement. First, Joseph E. Grady, M.D., found she has range of motion loss and normal muscle strength. Dr. Grady recommended 2% whole person impairment for the right shoulder injury. Then, Jerry W. Scott, M.D., opined that Ms. Cochrane has range of motion deficit and motor strength deficit. He recommended 8% whole person impairment for the right shoulder region. Third, Paul Bachwitt, M.D., found Ms. Cochrane has range of motion loss and no muscle weakness. Dr. Bachwitt recommended 3% whole person impairment. The claims administrator granted Ms. Cochrane a 2% permanent partial disability award based on the report of Dr. Grady.

The Office of Judges reversed the claims administrator's decision and granted Ms. Cochrane a 3% permanent partial disability award based on Dr. Bachwitt's recommendation. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Cochrane disagrees and asserts that the Board of Review erred in not following Dr. Scott's recommendation of 8% whole person impairment for this injury and that Dr. Scott explained that his recommendation for additional impairment for the muscle weakness was due to the biceps tendon disruption. Princeton Community Hospital maintains that the Board of Review and the Office of Judges properly determined that Dr. Bachwitt's recommendation of 3% impairment is the most reliable. Princeton Community Hospital further maintains that Dr. Scott attributes impairment for a strength deficit that was not found by any other evaluator.

The Office of Judges found that Dr. Scott's findings regarding Ms. Cochrane's functional limitations and muscle weakness are not corroborated by any other report in the record. The Office of Judges determined that a preponderance of the evidence establishes that Ms. Cochrane's whole person impairment is in excess of 2% and the evidence does not suggest she has sustained muscle weakness attributable to the compensable injury. The Office of Judges concluded that without corroboration the higher award of 8% whole person impairment suggested by Dr. Scott cannot be adopted. The Office of Judges determined Dr. Bachwitt's recommendation of 3% whole person impairment is the most credible. The Office of Judges noted that the record reflects Ms. Cochrane had a significant prior right shoulder injury, which required surgery and might explain some of her problems. The Office of Judges granted Ms. Cochrane a 3% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges.

This Court agrees with the Board of Review. Dr. Scott's findings of muscle weakness and functional limitations are not supported by the other medical evidence. Dr. Bachwitt and Dr. Grady both found Ms. Cochrane's muscle strength was normal. The Office of Judges determined that Dr. Bachwitt's report was the most credible because the preponderance of the evidence established that Ms. Cochrane has more than 2% impairment but did not establish that she has 8% whole person impairment. We agree with the conclusions of the Board of Review and the reasoning of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II